FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 MAY 24  PM 2:22

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| THOMAS N. KASZAS, II, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 111-164 |
| | ) (Formerly CR 110-072) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Thomas N. Kaszas, II, an inmate at CCM Atlanta in Atlanta, Georgia, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. This case is now before the Court on Respondent's motion to dismiss Petitioner's 28 U.S.C. § 2255 motion. (Doc. no. 3.) Petitioner filed a response to Respondent's motion to dismiss, in conjunction with which he moved for an evidentiary hearing.[1] (Doc. no. 4.) Additionally, Respondent filed a response to the motion for a hearing. (Doc. no. 6.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion for a hearing be **DENIED**, that Respondent's motion to dismiss be **GRANTED**, that the instant § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**.

### I. BACKGROUND

In March of 2010, a federal grand jury indicted Petitioner on 24 counts of wire fraud,

---

[1] In a simultaneously issued order, the Court has granted Petitioner's motion to accept his response to Respondent's motion to dismiss, which was filed shortly after the response deadline.

in violation of 18 U.S.C. § 1343, as well as five counts of aggravated identity theft, in violation of 18 U.S.C. § 1028(a)(1). United States v. Kaszas, CR 110-072, doc. no. 1 (S.D. Ga. Mar. 4, 2010) (hereinafter "CR 110-072"). Pursuant to a written plea agreement, Petitioner pled guilty to five of the wire fraud counts in exchange for the dismissal of the remaining charges in the indictment. Id., doc. nos. 35, 36. Petitioner's plea agreement included a broad appeal and collateral attack waiver provision that stated in relevant part:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory Sentencing Guidelines range as found by the sentencing court . . . .

Id., doc. no. 36, pp. 2-3. In addition, by signing the plea agreement, Petitioner attested that he had read and understood the plea agreement, and that the plea agreement accurately set forth the terms and conditions of his agreement with the government. Id. at 10.

The Honorable J. Randal Hall, United States District Judge, held a guilty plea hearing on October 27, 2010. During that hearing, Petitioner testified under oath that he had read the plea agreement and that his attorney had gone over the plea agreement with him before he signed it. Id., doc. no. 46, p. 24. In addition, Judge Hall summarized the terms of the plea agreement, specifically explaining to Petitioner that he had "agreed . . . to voluntarily waive [his] right to appeal the conviction and sentence and the right to collaterally attack that sentence in a post-conviction proceeding . . . ." Id. at 25. Judge Hall went over the specific situations in which Petitioner would be entitled to appeal, following which he asked Petitioner

2

if he understood the appeal and collateral attack waiver as had just been explained to him. Id. at 25-26. Petitioner responded, "Yes, your Honor." Id. at 26.

Judge Hall also explained at the plea hearing that the maximum penalty for his crime was a term of twenty years of incarceration, along with a fine of not more than $250,000 and a term of supervised release not to exceed three years. Id. Furthermore, in response to questions asked by Judge Hall, Petitioner averred that no one had forced or pressured him to plead guilty and that no one had made him any promise, prediction, or prophesy that he would receive a particular sentence. Id. at 29. Judge Hall then asked Petitioner if he still wanted to plead guilty to the five wire fraud counts specified in the plea agreement, to which Petitioner responded, "Yes, your Honor." Id. at 30.

After the guilty plea hearing, the United States Probation Office prepared a presentence investigation report ("PSI"). The PSI provided for a base offense level of seven with a four-point enhancement based on the amount of pecuniary loss involved, as well as three separate two-point enhancements based on Petitioner's obstruction of justice, his abuse of a position of trust, and his unlawful use of multiple military recruits' social security numbers in conjunction with the offenses of conviction. PSI ¶¶ 21-26. The PSI also provided for a three-point reduction for acceptance of responsibility, which resulted in a total offense level of 14. Id. ¶¶ 28-31. Petitioner was assigned a criminal history category of I. Id. ¶ 34. In light of his total offense level and criminal history category, Petitioner's advisory range under the Sentencing Guidelines was 15 to 21 months. Id. ¶ 53. Neither party objected to the PSI.

On December 1, 2010, Judge Hall sentenced Petitioner to a 20-month term of imprisonment. CR 110-072, doc. no. 42. At the sentencing hearing, Judge Hall again reminded Petitioner that he had "waived the right to attack the sentence in any post-conviction

3

proceeding." Id., doc. no. 47, p. 43. Consistent with his plea agreement, Petitioner did not appeal.

Petitioner then proceeded file the instant § 2255 motion, which is dated September 19, 2011, and was filed by the Clerk of Court on October 3, 2011. (Doc. no. 1, p. 13.) Petitioner claims that his trial counsel provided ineffective assistance at sentencing by failing to object to several of the sentencing enhancements in the PSI. He additionally claims that one of the individuals who testified as a victim at his sentencing hearing, Sergeant Olin Leonard Martin, Jr., provided false testimony. (Id. at 4-8.) Respondent contends that Petitioner's § 2255 motion should be dismissed because each of his claims is barred by the collateral attack waiver set forth in his plea agreement. (See doc. no. 3.) The Court resolves the matter as follows.

## II. DISCUSSION

### A. No Need For Evidentiary Hearing

With respect to Petitioner's request for an evidentiary hearing, the Eleventh Circuit follows the general rule "that effective assistance claims will not be addressed on direct appeal from a criminal conviction because an evidentiary hearing, available in a section 2255 proceeding, is often required for development of an adequate record." Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Nonetheless, this general rule does not require the Court to hold an evidentiary hearing every time an ineffective assistance of counsel claim is raised. Id. Stated another way:

> Notwithstanding this legislative mandate, it is well settled that a petitioner does not establish his right to a hearing by the simple expedient of filing a petition. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.

Stephens v. United States, 14 F. Supp.2d 1322, 1334 (N.D. Ga. 1998) (citation omitted).

As described in detail below, the Court finds that all of Petitioner's § 2255 claims are barred from review. Thus, no evidentiary hearing is necessary in this case. Accordingly, Petitioner's request for an evidentiary hearing should be denied. (Doc. no. 4.)

### B. Petitioner's § 2255 Claims Are Barred by the Collateral Attack Waiver in His Plea Agreement

It is well settled that a waiver of the right to collaterally attack a sentence is only enforceable if the waiver is knowing and voluntary. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993).[2] "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the government meets this burden in the instant case, then Petitioner's claims are barred from review. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

Here, Respondent has met its burden in demonstrating the existence of a valid collateral attack waiver. The plea agreement signed and verified by Petitioner explicitly set forth that he was voluntarily waiving his right to collaterally attack his sentence "in any post-conviction proceeding, including a § 2255 proceeding." CR 110-072, doc. no. 36, pp. 2-3. Moreover,

---

[2]Case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. See Bushert, 997 F.2d at 1345; see also Vaca-Ortiz v. United States, 320 F. Supp.2d 1362, 1365-67 (N.D. Ga. 2004).

5

Judge Hall thoroughly reviewed the terms of the plea agreement during the plea colloquy, with particular emphasis on the significance of the appeal and collateral attack waiver provision. Id., doc. no. 46, p. 24-26. After Judge Hall concluded his review of the plea agreement, Petitioner acknowledged that he understood and agreed with the terms of the plea agreement as explained by Judge Hall. Id.

The record before the Court therefore demonstrates that the collateral attack waiver was knowing and voluntary. Petitioner would have the Court ignore his responses to Judge Hall's questions, stating in his response to Respondent's motion to dismiss that he did not "fully" understand the collateral attack waiver because he was "not familiar with the intricate processes of law" and followed his counsel's advice to "submit to" Judge Hall's questioning "so as to have a smooth process." (Doc. no. 4, p. 2.) However, "solemn declarations in open court [at a guilty plea hearing] carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Thus, because the self-serving allegations in Petitioner's response to the motion to dismiss contradict his sworn testimony during the guilty plea hearing, the Court concludes that the collateral attack waiver is valid and that Petitioner's claims are barred from review. See id.; United States v. Stitzer, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) ("[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." (citing United States v. Barrett, 514 F.2d 1241, 1243 (5th Cir. 1975))).

In making this determination, the Court is aware that Petitioner's § 2255 claims include assertions of ineffective assistance of trial counsel. "An ineffective assistance of counsel argument survives a waiver of appeal [or collateral attack] only when the claimed assistance directly affected the validity of that waiver or the plea itself." Williams v. United States, 396

6

F.3d 1340, 1342 n.2 (11th Cir. 2005) (quoting United States v. White, 307 F.3d 506, 508-09 (5th Cir. 2002)). Here, as in Williams, Petitioner's assertions of ineffective assistance of counsel pertain to his counsel's representation at sentencing. Therefore, Petitioner's ineffective assistance of counsel claims "do not concern representation relating to the validity of the plea or waiver." See id. As a result, all of Petitioner's § 2255 claims are barred by the collateral attack waiver in his plea agreement, and Respondent's motion to dismiss the instant § 2255 motion in its entirety should be granted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion for a hearing be **DENIED** (doc. no. 4), that Respondent's Motion to Dismiss be **GRANTED** (doc. no. 3), that the instant § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED on this 24th day of May, 2012, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE